UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-CR-180 (RJL) |
| | : | |
| ELIAS COSTIANES, | : | |
| | : | |
| **Defendants.** | : | |

## UNOPPOSED MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The United States of America hereby moves this Court to exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, specifically, from December 16, 2024 until the date of the next status hearing in this matter, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

Undersigned counsel has communicated with Mr. Cooper, counsel for Mr. Costianes, and Mr. Cooper indicated that he consents to the exclusion of the Speedy Trial Act for the above time period.

In support of its motion, the government states as follows:

### FACTUAL BACKGROUND

Mr. Costianes is charged with obstruction of Congress, in violation of 18 U.S.C. § 1512(c)(2), entering and remaining, disorderly conduct and an act of physical violence in a restricted building or grounds, in violation of 18 U.S.C. §§1752(a)(1), (a)(2), and (a)(4), and violations of 40 U.S.C. §§ 5104(e)(2)(B)(D) and (G), related to his conduct on United States Capitol grounds on January 6, 2021. On October 18, 2024, the government moved to dismiss Count

One of the Indictment, alleging a violation of 18 U.S.C. § 1512(c)(2).

Defendant was arrested on February 12, 2021, and indicted on March 3, 2021. On October 10, 2023, the Court set Costianes' trial date for February 12, 2024. On January 19, 2024, the Court stayed the trial pending the Supreme Court's decision in *Fischer* and set a status hearing for August 2024. In an August 27, 2024 Minute Order, the Court ordered that "time will be excluded under the Speedy Trial Act until the date of the rescheduled status conference." The Court then rescheduled the status conference for December 18, 2024.

On December 16, 2024, the Court notified the parties that the December 18 status hearing was vacated and would be rescheduled at a later date. Out of an abundance of caution, the government now seeks confirmation from the Court that time will continue to be excluded under the Speedy Trial Act until the date of the next status hearing.

## ARGUMENT

Pursuant to the Speedy Trial Act, an indictment charging an individual with the commission of an offense generally must be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. 18 U.S.C. § 3161(a). Further, as a general matter, in any case in which a plea of not guilty is entered, a defendant charged in an information or indictment with the commission of an offense must commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. 18 U.S.C. § 3161(c)(1).

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which a trial must commence. As is relevant to

this motion for a continuance, pursuant to subsection (h)(7)(A), the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). This provision further requires the Court to set forth its reasons for finding that that any ends-of-justice continuance is warranted. *Id.* Subsection (h)(7)(B) sets forth a non-exhaustive list factors that the Court must consider in determining whether to grant an ends-of-justice continuance, including:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
> . . .
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv). Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (*citing* §3161(h)(7)(B)(ii), (B)(iv)).

An interests of justice finding is within the discretion of the Court. *See, e.g., United States*

*v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988). "The substantive balancing underlying the decision to grant such a continuance is entrusted to the district court's sound discretion." *United States v. Rice*, 746 F.3d 1074 (D.C. Cir. 2014).

In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv), in addition to fulfilling government counsel's responsibilities under *Brady v. Maryland,* 373 U.S. 83 (1963) and Fed. R. Crim. P.5(f) and Local Crim. Rule 5.1 to provide exculpatory material. The Capitol Attack is likely the most complex investigation ever prosecuted by the Department of Justice. The need for reasonable time to organize, produce, and review voluminous discovery is among multiple pretrial preparation grounds that Courts of Appeals have routinely held sufficient to grant continuances and exclude the time under the Speedy Trial Act. *See, e.g., United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019).

In sum, due to the number of individuals currently charged across the Capitol Attack investigation and the nature of those charges, the on-going investigation of many other individuals, the volume and nature of potentially discoverable materials, and the reasonable time necessary for effective preparation by all parties taking into account the exercise of due diligence, the failure to grant such a continuance in this proceeding would be likely result in a miscarriage of justice. Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and the defendant in a speedy trial.

WHEREFORE, the government respectfully requests that this Court exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*,

specifically, from December 16, 2024 until the date of the next status hearing scheduled in this case.

                Respectfully submitted,

                MATTHEW M. GRAVES
                United States Attorney
                D.C. Bar No. 481052

By:   */s/ Melanie Krebs-Pilotti*
      MELANIE KREBS-PILOTTI
      Trial Attorney- Antitrust Division (Detail to USAO-DC)
      Cal Bar. 241484
      601 D Street, NW
      Washington, DC 20530
      Melanie.krebs-pilotti2@usdoj.gov
      (202) 870-7457